IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

KEVIN JARDINE
   PLAINTIFF,

v.          CIVIL ACTION NO.:

EXECUTIVE CAR RENTAL
   DEFENDANT.
_____/

## COMPLAINT

Plaintiff, Kevin Jardine, (hereinafter referred to as the "Plaintiff" or "Jardine"), by and through his undersigned attorney, and sues the Defendant, Executive Car Rental, (hereinafter referred to as the "Defendant" or "ECR"), and submits this Complaint which alleges the following:

## INTRODUCTION

1. This is an action brought by Plaintiff, against Defendant, Executive Car Rental, for unpaid overtime pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq,* as he was not paid overtime for hours worked over forty (40) per week, even though he was a "non-exempt" employee, and thus entitled to such wages under federal law. Plaintiff further brings this action for relief pursuant to Florida Statutes 448.08, Accrued and Unpaid Wages and Commissions.

1

## JURISDICTION AND VENUE

2. This Court has federal question jurisdiction over this action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

3. Venue is proper in this forum pursuant to 28 U.S.C. § 1391, because Defendant conducts business throughout this Division and District and a substantial part of the events and omissions giving rise to the claims occurred in this District and Division.

4. Plaintiff was employed by Defendant as a counter agent preceding the filing of this Complaint and performed work for Defendant in the State of Florida and in the Northern District of Florida.

5. During all times material to this complaint, Defendant was Plaintiff's "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d); an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r); and an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1).

6. During all times material to this Complaint, Plaintiff was an "employee" of Defendant within the meaning of 29 U.S.C. § 203(d).

7. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §1331. At all times pertinent to this Complaint, the

Defendant, operated a business enterprise, engaged in commerce or in the production of goods for commerce as defined in §3(r) and 3(s) of the FLSA, 29 U.S.C. §203(r) and 203(s).

8. The Defendant operates a commercial rental car company. Plaintiff' work at Defendant's Pensacola Airport location involved handling on a regular and recurrent basis "goods" or "materials," as defined by the FLSA, which were used commercially in Defendants' business, and moved in interstate commerce. These materials included purchasing and renting car and trucks and other materials necessary for the operation of commercial rental car business.

9. During the relevant time period, the Defendant's employed at least two other individuals besides the Plaintiff, who were "engaged in commerce or in the production of goods for commerce," or "had employees handling, selling, leasing or otherwise working on goods or materials that have been moved in or produced for commerce by any person," as defined in 29 U.S.C. §203(s)(1)(A)(i). These materials included purchasing and renting car and trucks and other materials necessary for the operation of commercial rental car business.

10. Upon information and belief, during the period of the Plaintiff's employment, the Defendant's enterprise had an annual gross volume of sales made or business done of not less than five hundred thousand dollars in accordance with §203(s)(1)(A)(ii).

11. The Defendants are subject to the jurisdiction of this Court because they engage in substantial and not isolated activity within the Northern District of Florida.

12. The Defendants are also subject to the jurisdiction of this Court because they operate, conduct, engage in, and/or carry on business in the Northern of Florida.

13. Plaintiff has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## PARTIES

14. Plaintiff is a citizen of the State of Florida who resides in Pensacola and was employed by Defendant as a counter agent and was underpaid and also did not receive overtime for hours worked over forty (40) per workweek during his employment during the last two years.

15. Defendant, Executive Car Rental, is a for-profit foreign company licensed to do business in the State of Florida and is conducting business at its 2430 Airport Blvd., Pensacola, Florida location.

## STATEMENT OF FACTS

16. Defendant is in the business of commercial car and truck rentals.

17. On July 1, 2019, Defendant hired Plaintiff as a counter sales agent.

18. In November 2019, Defendant opened its Pensacola, Florida

commercial rental car location at the Pensacola International Airport.

19. As a part of Plaintiff wages, he was paid a non-discretionary ten (10) percent commission on all up-sales made at the time the rental contract was closed out.

20. In November 2019, Defendant announced that it was opening a location in Pensacola, Florida and offered Plaintiff a promotion and a position at its new Pensacola location.

21. On January 13, 2020, Plaintiff was offered and accepted the Pensacola, Florida Branch Manager position. Plaintiff's new salary and benefits were to become effective on February 1, 2020, at which time Defendant misclassified Plaintiff as an exempt employee.

22. Based on Defendant's promotion and offer letter, on January 24, 2020, Plaintiff requested and received a child custody change in domicile so he would have the ability to move.

23. From February 1st through 9th 2020, Plaintiff duties and responsibilities he was paid at his original sales agent pay but without payment of commissions. original Sales Agent pay in Detroit.

24. February 10, 2020 was Plaintiff's move-in date in Pensacola.

25. From February 16th through 29th 2020, Plaintiff again performed the same duties and responsibilities and he was paid at the original Sales Agent pay with no

commissions.

26. From February 26th through March 9th 2020, Plaintiff worked in Tampa for Florida policy training, again at a sales agent pay.

27. From March 1st through 14th 2020, Plaintiff again worked at original Sales Agent pay and without commissions.

28. On August 7, 2020, Plaintiff received his first paycheck at the higher rate.

29. Since the Pensacola location reopened in July 2020, Plaintiff had no more than ten days off and worked a minimum of twelve hours a day.

30. Plaintiff was the Pensacola Branch Manager in name only, as he was prohibited from performing any sort of management duties.

31. All scheduling, hiring, firing, training, oversight, pricing, location-specific procedures, and airport interactions, had been relegated to either the Operations Manager or the Owner himself.

32. Plaintiff did not perform anything remotely associated with any sort of management duties. Instead, Plaintiff had to perform all day-to-day operations, either by himself, or with another sales agent.

33. Plaintiff worked in excess of 220 hours between February and March 2020 that were paid at his original sales agent rate pay of $9.00 per hour without commissions when he should have been paid at a rate of $21.63 an hour.

34. Plaintiff, routinely work in excess of forty (40) hours in a workweek.

35. Plaintiff would regularly work well in excess of forty (40) hours of overtime in a workweek in the months preceding the filing of this Complaint.

36. During Plaintiff's employment with Defendant, he was misclassified by as an exempt employee.

37. Defendant paid Plaintiff some overtime but not for all hours worked in excess of forty nor did Defendant pay Plaintiff his correct rate of overtime pay.

38. In addition to the unpaid overtime hours worked, Defendant underpaid Plaintiff for all overtime hours it did pay as it did not properly calculate the regular rate of pay in include the non-discretionary ten (10) percent commission on all up-sales.

39. Defendant's actions were deceptive, willful and intentionally calculated to misclassify Plaintiff as an exempt employee in violation of the Fair Labor Standards Act ("FLSA"), *29 U.S.C. §§ 201-209*.

40. As a result of Defendant's intentional misclassification, Plaintiff was not paid time and one-half for all hours worked in excess of forty hours per work week during one or more work weeks.

41. Defendant supervised the operations of the business, including hiring and firing employees, determining compensation policies and procedures, setting work schedules for the employees, and providing work assignments for employees.

42. At all times material herein, Defendant controlled Plaintiff's day to

day activities, supervised, and/or had operational control over Plaintiff.

43.    Defendant was responsible for hiring Plaintiff, having the ability to terminate Plaintiff, setting Plaintiff's rate of pay, determining if the minimum wage or overtime was to be paid, determining if commission(s) were to be paid, setting Plaintiff's work schedule including the number of days and hours worked, determining and assigning Plaintiff's work duties, and supervising Plaintiff.

44.    At all relevant times, Plaintiff was a non-exempt employee and entitled to be paid for all hours worked and at a rate of one and one-half times his regular rate for hours worked in excess of forty (40) hours per workweek.

## COUNT I
### (VIOLATION OF FAIR LABOR STANDARDS ACT ("FLSA"))

45.    Plaintiff re-avers the preceding allegations, paragraph's 1-44, as if the same were fully set forth herein.

46.    As a direct and proximate result of Defendant's willful disregard of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

47.    Due to the willful, malicious and unlawful acts of Defendants, Plaintiff has suffered damages in the amount not presently ascertainable of unpaid overtime wages, plus an equal amount as liquidated damages his reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

48.    Defendant is an employer covered by the minimum wage and

overtime requirements set forth in the Fair Labor Standards Act ("FLSA").

49. As employee for Defendant, Plaintiff worked hours in excess of the maximum weekly hours permitted under the FLSA but were not paid overtime for those excess hours.

50. Plaintiff does not qualify for an exemption from the wage and overtime obligations imposed by the FLSA.

51. Throughout Plaintiff's employment, Defendant has known that Plaintiff was not exempt from the wage and overtime obligations imposed by the FLSA.

52. Defendant knew that it was required to pay Plaintiff for all hours worked.

53. Defendant willfully withheld and failed to pay the wages and overtime compensation to which Plaintiff was entitled.

54. Pursuant to the FLSA, Plaintiff was entitled to compensation for all hours worked and for the unpaid overtime at a rate of one- and one-half times his regular rate.

55. Because Defendant's failure to pay such wages was willful pursuant to 28 U.S.C. § 255(a), Plaintiff is entitled to these wages.

56. The exact amount of compensation, including overtime compensation that Defendant have failed to pay Plaintiff is unknown at this time, as many of the

records necessary to make such precise calculations are in the possession of Defendant or were not kept by them.

57. The FLSA requires employers to make, keep, and preserve records of the wages, hours, and other conditions and practices of employment, and to preserve such records.

58. Plaintiff is entitled to review their records of hours worked to determine the exact amount of overtime owed by Defendant.

59. Absent Defendant keeping these records as required by law, Plaintiff is entitled to submit his information about the number of hours worked.

60. Defendant' failure to pay Plaintiff compensation for all hours worked and/or at the lawful overtime rates is not based on good faith or reasonable grounds, or a belief that such failure is not in violation of FLSA. Pursuant to 20 U.S.C. § 216(b), Plaintiff is therefore entitled to liquidated damages in an amount equal to the compensation and/or overtime which they have not been paid.

61. Plaintiff has been required to file this action as the result of Defendant' actions in failing to pay his proper compensation.

62. Since Plaintiff's date of hire with Defendant, in addition to Plaintiff's normal regular work week, the Plaintiff worked additional hours in excess of forty (40) per week for which he was not compensated at the statutory rate of time and one-half.

63. Plaintiff was entitled to be paid at the rate of time and one-half for his hours worked in excess of the maximum hours provided for in the FLSA.

64. Defendant failed to pay Plaintiff overtime compensation in the lawful amount for hours worked by Plaintiff in excess of the maximum hours provided for in the FLSA.

65. Defendant knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff at the statutory rate of time and one-half for the hours worked in excess of forty (40) hours per week when it knew or should have known such was due. Defendants also failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

66. Pursuant to the FLSA, Plaintiff was entitled to compensation for all hours worked and for the unpaid overtime at a rate of one and one half times his regular rate and to properly calculate the regular rate of pay to include the non-discretionary ten percent (10%) commission on all up-sales made at the time the rental contract was closed out.

67. Plaintiff is entitled to attorney's fees and costs incurred pursuant to 28 U.S.C. §216(b).

## COUNT II
*(ACCRUED AND UNPAID WAGES AND COMMISSIONS - FLORIDA STATUTE 448.08)*

68. Plaintiff repeats and re-alleges each and every allegation contained in

paragraphs 1 through 44 of this complaint with the same force and effect as if set forth herein.

69. This is an action for unpaid commissions pursuant to *FLORIDA STATUTE 448.110.*

70. Defendant received substantial and valuable benefits from Plaintiff for services rendered between April and July 2018.

71. Plaintiff is entitled to the actual and total wages earned by him for services rendered.

72. In accordance with Florida statute, Plaintiff is entitled to the total and actual wages owed to him.

73. Plaintiff was entitled to compensation for all hours worked and for the unpaid overtime at a rate of one- and one-half times his regular rate and to properly calculate the regular rate of pay to include the non-discretionary ten percent (10%) commission on all up-sales made at the time the rental contract was closed out.

74. Plaintiff worked in excess of 220 hours between February and March 2020 that were paid at his original sales agent rate pay of $9.00 per hour without commissions when he should have been paid at a rate of $21.63 an hour.

75. Under the circumstances of this case, it would be inequitable for Defendant to retain the full amount of benefits conferred upon and realized by it, without payment to Plaintiff for the actual and total wages owed to him.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, and all those similarly situated, request judgment against Defendant as follows:

A. Award Plaintiff his unpaid wages, including overtime wages, commissions, or other monies owed as to be determined at trial together with any liquidated damages allowed by law;

B. Grant judgment against Defendant for all damage, relief, or any other recovery whatsoever;

C. Award Plaintiff liquidated damages;

D. Award Plaintiff his reasonable costs and attorney's fees necessarily incurred herein; and

E. Award Plaintiff such other and further relief as the Court deems just and proper.

## *DEMAND FOR JURY TRIAL*

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

Respectfully submitted,

Dated: February 3, 2021.         By: */s/ Clayton M. Connors*
CLAYTON M. CONNORS
Florida Bar No.: 0095553
Email: cmc@westconlaw.com
**THE LAW OFFICES OF
CLAYTON M. CONNORS, PLLC.**

13

                                    4400 Bayou Blvd., Suite 32A  
                                    Pensacola, Florida 32503  
                                    Tel: (850) 473-0401  
                                    Fax: (850) 473-1388  
                                    Attorney for the Plaintiff